## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal Case No. |
| | : | |
| v. | : | |
| | : | VIOLATIONS: |
| RITESH KAPOOR, | : | |
| | : | 18 U.S.C. § 1343 (Wire Fraud) |
| Defendant. | : | |
| | : | FORFEITURE: 18 U.S.C. § 981(a)(1)(C), |
| | : | 28 U.S.C. § 2461(c) |

## INFORMATION

The United States Attorney hereby charges that:

## COUNT ONE

### Background

1.     Ritesh Kapoor (the "Defendant") has a Bachelor of Science degree in Information Technology ("IT").

2.     The Defendant has more than ten years of professional IT experience, and has managed and coordinated IT services with respect to hundreds of point-of-sale ("POS") terminals and servers at various businesses, including restaurants.

3.     In or about July 2015, the Defendant moved from Maryland to North Carolina, where he currently resides.

4.     Victim-Business-One is an adult entertainment club located in Washington, D.C.

5.     Victim-Business-Two is a restaurant located in Washington, D.C.

6.     Victim-Business-Three is an adult entertainment club located in Washington, D.C.

7.     Victim-Business-Four is a restaurant and bar located in Arlington, Virginia.

8.     Victim-Business-Five is a restaurant located in Fredericksburg, Virginia.

9.      At various times between June 2014 and March 2018, the Defendant provided IT services to Victim-Business-One, Victim-Business-Two, Victim-Business-Three, Victim-Business-Four, and Victim-Business-Five (collectively "Victim-Businesses"). He provided these services in person and remotely. As part of his responsibilities, the Defendant maintained the Victim-Businesses' back-office computers and troubleshoot problems with their POS terminals. The POS terminals and the businesses' back-office computers were capable of processing credit card transactions.

## The Scheme

10.     From in or about June 2014 through in or about February 2018, the Defendant devised and intended to devise a scheme to defraud the Victim-Businesses, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

## Manner and Means

It was part of the scheme that:

11.     The Defendant remotely logged into the Victim-Businesses' computers in a manner that he believed would go undetected by the businesses, and initiated fraudulent refunds to bankcards, typically in amounts between $150 and $375 dollars.

12.     From in or about December 2016 through in or about January 2018, the Defendant defrauded Victim-Business-One out of approximately $11,943 by logging into a Victim-Business-One computer and initiating approximately 43 fraudulent refunds to his personal bankcards.

13.     From in or about September 2016 through in or about February 2018, the Defendant defrauded Victim-Business-Two out of approximately $13,771 by logging into a Victim-Business-Two computer and initiating approximately 50 fraudulent refunds to his personal bankcards.

14.    From in or about June 2014 through in or about April 2017, the Defendant defrauded Victim-Business-Three out of approximately $47,361 by logging into a Victim-Business-Three computer and initiating approximately 88 fraudulent refunds to his personal bankcards and bankcards belonging to another person.

15.    From in or about December 2016 through in or about October 2017, the Defendant defrauded Victim-Business-Four out of approximately $9,878 by logging into a Victim-Business-Four computer and initiating approximately 39 fraudulent refunds to his personal bankcards.

16.    From in or about December 2016 through in or about February 2017, the Defendant defrauded Victim-Business-Five out of approximately $500 by logging into a Victim-Business-Five computer and initiating approximately three fraudulent refunds to his personal bankcard.

17.    On or about November 6, 2017, in the District of Columbia and elsewhere, the Defendant, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce signals and sounds from North Carolina to the District of Columbia, when he remotely logged into a Victim-One-Business computer from his residence in North Carolina and initiated a fraudulent return to his personal bankcard in the amount of $325.

**(Wire Fraud, in Violation of Title 18, United States Code, Section 1343)**

## FORFEITURE ALLEGATION

1.    Upon conviction of the offense alleged in Count One, the Defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the Defendant in the amount of $53,975.

2.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant:

3

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property that cannot be divided without difficulty;

the Defendant shall forfeit to the United States any other property of the Defendant, up to the value

of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p))

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY

By:    _____
Kondi J. Kleinman
Assistant United States Attorney
California Bar No. 241277
555 4th Street, NW, Rm. 5245
Washington, D.C. 20530
(202) 252-6887
kondi.kleinman2@usdoj.gov