FILED
JAN 23 2019
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal Case No. 18-319 (RMC) |
| | : | |
| v. | : | |
| | : | VIOLATIONS: |
| RITESH KAPOOR, | : | |
| | : | 18 U.S.C. § 1343 (Wire Fraud) |
| Defendant. | : | |
| | : | FORFEITURE: 18 U.S.C. § 981(a)(1)(C), |
| | : | 28 U.S.C. § 2461(c) |

## STATEMENT OF OFFENSE

Pursuant to Fed. R. Cr. P. 11, defendant Ritesh Kapoor agrees and stipulates as follows:

1. The Defendant has a Bachelor of Science degree in Information Technology ("IT").

2. The Defendant has more than ten years of professional IT experience, and has managed and coordinated IT services with respect to hundreds of point-of-sale ("POS") terminals and servers at various businesses, including restaurants.

3. In or about July 2015, the Defendant moved from Maryland to North Carolina, where he currently resides.

4. Victim-Business-One is an adult entertainment club located in Washington, D.C.

5. Victim-Business-Two is a restaurant located in Washington, D.C.

6. Victim-Business-Three is an adult entertainment club located in Washington, D.C.

7. Victim-Business-Four is a restaurant and bar located in Arlington, Virginia.

8. Victim-Business-Five is a restaurant located in Fredericksburg, Virginia.

9. At various times between June 2014 and March 2018, the Defendant provided IT services to Victim-Business-One, Victim-Business-Two, Victim-Business-Three, Victim-Business-Four, and Victim-Business-Five (collectively "Victim-Businesses"). He provided these

services in person and remotely. As part of his responsibilities, the Defendant maintained the Victim-Businesses' back-office computers and troubleshot problems with their POS terminals. The POS terminals and the businesses' back-office computers were capable of processing credit card transactions.

10. From in or about June 2014 through in or about February 2018, the Defendant devised and intended to devise a scheme to defraud the Victim-Businesses, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

11. To accomplish his scheme, the Defendant remotely logged into the Victim-Businesses' computers in a manner that he believed would go undetected by the businesses, and initiated fraudulent refunds to bankcards, typically in amounts between $150 and $375 dollars.

12. From in or about December 2016 through in or about January 2018, the Defendant defrauded Victim-Business-One out of approximately $11,943 by logging into a Victim-Business-One computer and initiating approximately 43 fraudulent refunds to his personal bankcards. For example, on or about November 6, 2017, when he was at his residence in North Carolina, the Defendant remotely logged into a Victim-One Business Computer, which was located in the District of Columbia, and initiated a fraudulent refund to his personal bankcard in the amount of $325.

13. From in or about September 2016 through in or about February 2018, the Defendant defrauded Victim-Business-Two out of approximately $13,771 by logging into a Victim-Business-Two computer and initiating approximately 50 fraudulent refunds to his personal bankcards.

14. From in or about June 2014 through in or about April 2017, the Defendant defrauded Victim-Business-Three out of approximately $47,361 by logging into a Victim-

Business-Three computer and initiating approximately 88 fraudulent refunds to his personal bankcards and bankcards belonging to another person.

15. From in or about December 2016 through in or about October 2017, the Defendant defrauded Victim-Business-Four out of approximately $9,878 by logging into a Victim-Business-Four computer and initiating approximately 39 fraudulent refunds to his personal bankcards.

16. From in or about December 2016 through in or about February 2017, the Defendant defrauded Victim-Business-Five out of approximately $500 by logging into a Victim-Business-Five computer and initiating approximately three fraudulent refunds to his personal bankcard.

17. When he initiated these fraudulent refunds, the Defendant did so with the intent to defraud the Victim-Businesses.

18. Although the managers of the Victim-Businesses knew the Defendant could remotely log into their computer systems, the Defendant believed that most of them did not understand how. Moreover, he logged into the systems to initiate fraudulent refunds at times when he believed the managers would not be present, and thus, would not see him logging on.

19. The Victim-Businesses did not grant the Defendant permission to initiate the fraudulent transfers referenced above.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY

By: _____
Kondi J. Kleinman
Assistant United States Attorney
California Bar No. 241277
555 4th Street, NW, Rm. 5245
Washington, D.C. 20530
(202) 252-6887
kondi.kleinman2@usdoj.gov

## DEFENDANT'S ACCEPTANCE

I have read every word of this Statement of Offense. Pursuant to Fed. R. Crim. P. 11, after consulting with my attorney, A.J. Kramer, Esquire, I agree and stipulate to this Statement of Offense. The Statement of Offense is a summary made for the purpose of providing the Court with a factual basis for my guilty plea to the charges against me. It does not include all of the facts known to me regarding these offenses. I, Ritesh Kapoor, make this statement knowingly and voluntarily and because I am in fact guilty of the crimes charged.

Date: 1.23.19

Ritesh Kapoor
Defendant

I have discussed this Statement of Offense with my client, Ritesh Kapoor. I concur with his decision to stipulate to this Statement of Offense.

Date: 1.23.19

A.J. Kramer
Federal Public Defender
Attorney for Ritesh Kapoor